IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JERRY L. EDMOND                                                                       PETITIONER

v.                                          5:06CV00181 SWW-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On February 23, 2001, a Hempstead County Circuit Court jury found Petitioner guilty of murder in the first degree. He was sentenced to life imprisonment in the Arkansas Department of Correction. Petitioner appealed from his conviction to the

Supreme Court of Arkansas. He argued the following grounds for reversal:

1. The trial court erred in admitting a photograph depicting the inside of the victim's head after a incision was made by the medical examiner because the photograph's prejudicial nature outweighed its probative value; and

2. There was insufficient evidence to support his conviction.

The Supreme Court of Arkansas found that Petitioner's claims were without merit and affirmed his conviction. Edmond v. State, 351 Ark. 495, 95 S.W.3d 789 (2003). On March 17, 2003, Petitioner filed a petition for post-conviction relief in circuit court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure alleging the following grounds for relief:

1. Trial counsel erred when he failed to move for a change of venue;

2. Trial counsel was ineffective for failing to move to excuse juror William L. Muldrew on the grounds he was a cousin of one of the crime scene investigating officers and a cousin of the victim;

3. Trial counsel was ineffective for failing to move to have a residue test performed on the victim's hands or Petitioner;

4. Trial counsel was ineffective for failing to object to the State's introduction of State's Exhibit 15, a .38 Special Smith and Wesson revolver;

5. Trial counsel was ineffective for failing to object to the State's offering hearsay testimony by several witnesses who testified that Petitioner told them he "shot his Baby or shot his Honey"; and

6. Trial counsel was ineffective for failing to make a reasonable investigation into Petitioner's alibi.

The circuit court denied the petition on the ground that it was untimely filed. Petitioner appealed to the Supreme Court of Arkansas. The Supreme Court found that the circuit court erred in finding that the petition was untimely and remanded the matter

to the circuit court so that the court could consider the merits of Petitioner's Rule 37 petition. Edmond v. State, 2003 Ark. LEXIS 561 (Ark. Sup. Ct. Oct. 23, 2003) (unpublished). On April 19, 2004, the circuit court held a hearing on Petitioner's Rule 37 petition. By an order entered on April 21, 2004, the circuit court denied the petition, finding that there was "insufficient evidence to grant Petitioner['s] petition . . . ." Petitioner appealed from this order to the Supreme Court of Arkansas and argued the following grounds for reversal:

    1.    Trial counsel was ineffective for failing to move for a change of venue;

    2.    Trial counsel was ineffective for not excusing juror William L. Muldrew on the grounds that he was a cousin of one of the crime scene investigating officers and a relative of the victim;

    3.    Trial counsel was ineffective for failing move to have a residue test performed to show who had fired the weapon;

    4.    Trial counsel was ineffective for failing to challenge the introduction of evidence that was not part of the crime (i.e., a .38 Special Smith and Wesson revolver);

    5.    Trial counsel was ineffective for failing to move to suppress the introduction of hearsay evidence or testimony; and

    6.    Trial counsel was ineffective for (a) only talking to Petitioner twice before trial, (b) refusing to call three defense witnesses, (c) only talking with Petitioner for about ten minutes each time they met, which was not enough time to make a proper determination as to the appropriate trial strategy, and (d) refusing to talk with Petitioner regarding strategy and trial tactics.

On June 30, 2005, the Supreme Court affirmed the circuit court's order denying Petitioner's Rule 37 petition without reaching the merits of Petitioner's grounds for reversal because Petitioner failed to submit a conforming brief with an abstract of

testimony from the Rule 37 hearing. Edmond v. State, 2005 Ark. LEXIS 449 (Ark. Sup. Ct. June 30, 2005) (unpublished).

On March 21, 2006, Petitioner filed a petition with the Supreme Court of Arkansas requesting that the Supreme Court reinvest jurisdiction in the circuit court to consider a petition for writ of error *coram nobis*. He alleged that the petition was necessary to address errors that occurred concerning the admission of both physical evidence and testimony. On April 20, 2006, the Supreme Court denied Petitioner's petition, finding that "the claims petitioner would raise are not cognizable in a proceeding for error *coram nobis* as grounds for relief." Edmond v. State, 2006 Ark. LEXIS 243 (Ark. Sup. Ct. April 20, 2006) (unpublished).

On or about June 30, 2006, Petitioner filed the pending habeas corpus petition in this Court.[1] He has raised the following grounds for relief:

1. His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him - - a .38 Special RG revolver;

2. Trial counsel was ineffective for failing to have the State enforce "the rule of discovery" by having the State present (a) a .38 Special RG revolver that was found and later introduced at trial as the murder weapon after the State had already introduced a .38 Special Smith and Wesson revolver as the murder weapon, and (b) the bullets used;

3. Trial counsel was ineffective for failing to move to excuse juror

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). Petitioner signed his habeas petition on June 28, 2006. The envelope in which he submitted his habeas petition is postmarked June 30, 2006. Although it is unclear when he tendered his petition to prison officials for mailing, the Magistrate Judge will assume that the date was on or about June 30, 2006.

>      William L. Muldrew on the grounds that he was a cousin of one of the crime scene investigating officers and a cousin of the victim;
>
> 4.   His conviction was obtained by the action of a petit jury which was unconstitutionally selected and empanelled because (a) the "jurors chosen were almost all acquaintance[s] of the victim," (b) the jurors "mostly all worked at the same company," (c) nine of the jurors worked with the victim, and (d) another juror was brought in from another county by the prosecutor; and
>
> 5.   Trial counsel was ineffective for failing to ask a witness "where [the victim] was shot."

In response to Petitioner's habeas corpus petition, the Respondent asserts that the petition should be dismissed because it is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The Respondent also contends that the petition is procedurally barred. In the interest of judicial economy, the Magistrate Judge declines to address the Respondent's statute of limitations argument, a complicated issue, as Petitioner's claims can easily be resolved against him on procedural bar grounds. Cf. Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) ("because neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review (citation omitted), we shall, in the interest of judicial economy, proceed to the merits of Trussell's petition"); Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated").

In considering a petition for federal habeas corpus relief, a district court usually is precluded from considering any issue that a state court has already resolved on an

independent and adequate state law ground. Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2001). This includes cases in which the state court judgment turns on an independent and adequate state procedural ground, such as a determination that a claim is procedurally defaulted. Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995); Reagan v. Norris, 279 F.3d at 656. A district court also is ordinarily precluded from considering any claim that a petitioner has failed to "fairly present" to the highest state court. Wemark v. State, 322 F.3d 1018, 1020-21 (8th Cir. 2003); Trevino v. Dahm, 2 F.3d 829, 831 (8th Cir. 1993). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Wemark, 322 F.3d at 1021 (citing Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)).

Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or actual innocence. Wemark, 322 F.3d at 1021-22; Nims v. Ault, 251 F.3d 698, 701-02 (8th Cir. 2001); Reagan v. Norris, 279 F.3d at 656. The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something "*external* to [him], something that cannot be fairly attributed to him," caused the procedural default.

Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. Coleman, 501 U.S. at 753.  Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. Coleman, 501 U.S. at 757; Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997).

A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001); Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995).  To be credible, "a substantial claim that constitutional error has caused the conviction of an innocent person" must be supported with "new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial." Schlup, 513 at 324; House v. Bell, ____ U.S. ____, 126 S. Ct. 2064, 2087-88 (2006).  "Evidence is only 'new' if it was 'not available at trial

and could not have been discovered earlier through the exercise of due diligence.'" Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Amrine, 238 F.3d at 1029).

The Magistrate Judge finds that Petitioner failed to fairly present the following claims to the Supreme Court of Arkansas: Claim 1 (his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him), Claim 2 (trial counsel was ineffective for failing to have the State enforce "the rule of discovery"), Claim 4 (his conviction was obtained by action of a petit jury which was unconstitutionally selected and empanelled), and Claim 5 (trial counsel was ineffective for failing to ask a witness "where [the victim] was shot").  Petitioner should have presented Claims 1 and 4 on direct appeal and Claims 2 and 5 in his appeal from the circuit court's order of April 21, 2004, denying his Rule 37 petition. While Petitioner presented Claim 3 (counsel was ineffective for failing to move to excuse juror William L. Muldrew) to the Supreme Court of Arkansas in his appeal from the order denying his Rule 37 petition, the Supreme Court resolved the claim on an independent and adequate state law ground.  Accordingly, the Court finds that all of Petitioner's claims are procedurally defaulted.

The Magistrate Judge finds that Petitioner has not shown cause for his procedural default or actual prejudice.  Furthermore, he has not demonstrated that, in light of new reliable evidence, it is more likely than not that no reasonable juror would have convicted him. Accordingly, the Magistrate Judge recommends that Petitioner's claims be dismissed as procedurally barred.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be dismissed with prejudice and that all pending motions be denied as moot.

Dated this 15th day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE